[Sac. No. 233.  Department Two.—July 16, 1897.]

S. W. HOLBROOK ET AL., RESPONDENTS, v. BALOISE FIRE INSURANCE COMPANY, APPELLANT.

|117|561|
|---|---|
|f128|19|
|117|561|
|136|547|

FIRE INSURANCE — CONDITION IN POLICY AGAINST FURTHER INSURANCE — AVOIDANCE OF POLICY.—Where a policy of fire insurance provided that it should be void, if the purchaser should procure any other contract of insurance on the property insured, and the insured thereafter procured further insurance in another insurance company on the same property, without the consent of the first insurer, the first policy thereupon became void in virtue of the express provision for such result.

ID.—ARBITRATION OF AMOUNT OF LOSS—AGREEMENT AGAINST WAIVER OF FORFEITURE.—Where the terms of the policy expressly provided that the company should not be held to have waived any condition of the policy by proceeding to an appraisal of the amount of loss, and the agreement for appraisement by arbitration contained a provision that the submission was without reference to any other matter of difference within the conditions of the insurance, and should be of binding effect only so far as regarded the damage to the property, the arbitration of the amount of loss cannot be insisted upon as a waiver of forfeiture of the policy for breach of a condition against further insurance.

CXVII. CAL.—36

ID.—CONSTRUCTION OF POLICY—PARTY INSURED—INSURANCE FOR BENEFIT OF MORTGAGEES — POLICY IN NAME OF MORTGAGOR — PAYMENT OF PREMIUM BY MORTGAGOR—NOTE OF MORTGAGOR.—Where a mortgage provided that the mortgagor would keep the property insured in a specified sum for the benefit of the mortgagees; and a policy was issued in the name of the mortgagor for the benefit of the mortgagees, who advanced the premium, and took the note of the mortgagor therefor, the payment of the premium is, in effect, made by the mortgagor, and the stipulation in the policy for payment to the mortgagees, in case of loss, is but a provisional assignment of the contingent proceeds of the contract, and does not have the effect to substitute the mortgagees for the mortgagor as the party insured, but it is still the mortgagor, as the owner of the premises, who is insured, and with whom alone the contract of insurance is made, and the continued validity of the policy is dependent upon the performance by him of the conditions embraced in it, and he is bound by a condition therein against further insurance.

ID.—NEGOTIATION OF POLICY BY BROKER—AGENCY FOR MORTGAGOR—IMPUTED KNOWLEDGE OF MORTGAGOR.—Where a broker negotiated the mortgage loan as the agent of both parties, and being also local agent of the defendant insurance company, signed the name of the mortgagor to an appplication for insurance in the amount agreed upon between the mortgagor and mortgagee, and issued a policy in his name for that amount, for the benefit of the mortgagees, and the premium was paid from funds of the mortgagees in the hands of the broker, and the mortgagor gave the mortgagees his note for the amount of the premium, the policy must be deemed to be the policy of the mortgagor, and he is chargeable with knowledge of its terms and conditions, the knowledge of the broker, as his agent, being imputed to him.

ID.—MORTGAGEES ESTOPPED TO DENY ACTUAL KNOWLEDGE OF MORTGAGOR. — The mortgagees having accepted and retained the policy, showing on its face that the mortgagor was the insured party, are in no position to urge that their rights should not be affected by mere imputed knowledge of the mortgagor, or by his contract for further insurance, without actual knowledge on his part of the conditions of the policy, as they acted on the assumption that he had actual knowledge.

APPEAL from a judgment of the Superior Court of San Joaquin County. JOSEPH H. BUDD, Judge.

The facts are stated in the opinion.

*Van Ness & Redman,* for Appellant.

The mortgagor was the insured party, and was bound by the conditions of the policy. (*Grosvenor* v. *Atlantic etc. Ins. Co.,* 17 N. Y. 391.) The breach of the condition against further insurance avoided the policy. (*Locey* v. *Insurance Co.,* 11 Pac. Rep. 791.) No waiver of forfeiture can be asserted by reason of arbitration of amount

of loss as against the terms of the policy against such waiver, and the terms of the submission. (*Stockton etc. Works* v. *Insurance Co.*, 98 Cal. 557, 570; *Haslinger* v. *Long Island Ins. Co.*, 62 Mich. 144; *Soars* v. *Home Ins. Co.*, 140 Mass.343.)

*Ed. J. Jones*, for Respondents.

The law does not favor a forfeiture. (Civ. Code, sec. 1442; *Murray* v. *Home etc. Assn.*, 90 Cal. 402; 25 Am. St. Rep. 133.) The application was not made by Mc-Mahan, and neither plaintiffs nor McMahan were bound by its purport. (*Wheaton* v. *North British etc. Ins. Co.*, 76 Cal. 419; 9 Am. St. Rep. 216; *Union etc. Ins. Co.* v. *Wilkinson*, 13 Wall. 222.) McMahan not having procured the policy, the mortgagees were the real parties insured, and they are not affected by McMahan's action in taking other insurance for himself, as such action cannot forfeit a policy which he did not apply for. (*Titus* v. *Glen's Falls Ins. Co.*, 81 N. Y. 410; *Doran* v. *Franklin Fire Ins. Co.*, 86 N. Y. 635; *Carpenter* v. *Continental Ins. Co.*, 61 Mich. 635; *Westchester Fire Ins. Co.* v. *Foster*, 90 Ill. 121.) The participation in the arbitration of the amount of loss was a waiver of the right to claim a forfeiture of the policy. (*Queen Ins. Co.* v. *Young*, 86 Ala. 424; 11 Am. St. Rep. 51; *Titus* v. *Glen's Falls Ins. Co.*, supra; *Benninghoff* v. *Agricultural Ins. Co.*, 93 N. Y. 495; *Roby* v. *American Cent. Ins. Co.*, 120 N. Y. 501; *Pratt* v. *Dwelling House etc. Ins. Co.*, 130 N. Y. 206; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 396; *Mercantile Ins. Co.* v. *Holthaus*, 43 Mich. 423; *Carpenter* v. *Continental Ins. Co.*, supra; *Marthinson* v. *North British etc. Ins. Co.*, 64 Mich. 372; *Cleaver* v. *Trader's Ins. Co.*, 71 Mich. 414; 15 Am. St. Rep. 275; *Webster* v. *Phœnix Ins. Co.*, 36 Wis. 67; 17 Am. Rep. 479; *Northwestern etc. Ins. Co.* v. *Germania etc. Ins. Co.*, 40 Wis. 452; *Gans* v. *St. Paul etc. Ins. Co.*, 43 Wis. 108; 28 Am. Rep. 355; *Oshkosh etc. Co.* v. *Germania Fire Ins. Co.*, 71 Wis. 454; 5 Am. St. Rep. 233.)

BRITT, C.—Action on a policy of fire insurance which contained a clause against double insurance as follows: " This entire policy, unless otherwise provided by agreement . . . . shall be void if the insured now has or shall hereafter make or procure any other contract of insurance . . . . on property covered by this policy." The defense relied on is that the insured committed a. breach of this condition by obtaining additional insurance without defendant's consent.

Plaintiffs loaned a sum of money to one J. C. D. Mc-Mahan. In the course of the negotiation of such loan it was agreed that plaintiffs should have as security a mortgage upon land of the borrower in the city of Stockton and a policy of insurance on a building to be erected thereon. The mortgage was executed by McMahan on November 9, 1892; it provided, among other things, that he would keep the buildings on the land insured to the amount of at least one thousand dollars and assign the policies of insurance to the plaintiffs. One Henderson negotiated the said loan as broker both of the mortgagor and the mortgagees; he was also the local agent for the defendant insurance company; on December 5, 1892, he filled out a blank form of application to defendant for insurance to the amount of one thousand dollars on McMahan's building, then in course of erection; the paper was entitled 'Application and Survey of J. C. D. McMahan,' and it was stated therein that the insurance was for the security of a mortgagee; Henderson signed the name of McMahan thereto as applicant. Thereupon he issued on behalf of defendant the policy in suit, wherein it was stated that the Baloise Company 'does insure' J. C. D. McMahan for the term of three years against loss by fire to the amount aforesaid on his said building; loss, if any, payable to said mortgagees. The policy was delivered to the mortgagees; the premium was paid from funds of theirs in the hands of Henderson, but on the completion of the building McMahan gave to them his note for the amount thereof. After the issuance of this policy, and after the execu-

tion of his note to plaintiffs for the said premium advanced by them, McMahan obtained a policy from the Insurance Company of North America to the amount of twelve hundred dollars upon his interest in said building. Defendant had no notice of such subsequent insurance until after the fire by which the building was destroyed. After such notice, however, defendant joined the North American company in an agreement with McMahan to submit the question of the amount of the loss to appraisers; and such amount was thus ascertained to be the sum of $1,210.37. Said agreement for appraisement contained a provision that the submission was without reference to any other matter of difference within the conditions of the insurance and should be of binding effect only so far as regarded the damage to the property; and it was one of the clauses of defendant's policy that it should not be held to have waived any condition of the policy by proceeding on its part to an appraisal in the manner stated. The findings of the court disclose the matters above set out: it was further found that defendant did not intend to insure the interest of plaintiff as mortgagee in said building, but did intend to insure the interest of McMahan therein "for the benefit and security of plaintiffs"; also that McMahan "had no actual personal knowledge of the issuance" of said policy of defendant. Judgment was for plaintiffs in the sum of $550.15; the court prorating the liability of defendant with that of the North American company.

In view of the terms of the agreement by which the two insurance companies submitted to arbitration the question of the amount of the loss, and the provisions of the policy in suit looking to such submission, the contention of respondents that the steps taken by defendant in that matter operated to waive the forfeiture insisted upon, cannot be sustained. (*Stockton etc. Works* v. *Glen's Falls Ins. Co.*, 98 Cal. 557; *Johnson* v. *American Ins. Co.*, 41 Minn. 396.) The question then is whether "the insured" procured the second insurance within the

condition against the same contained in the policy.
Respondents contend that they, and not McMahan, were
'the insured,' and hence were not affected by his act.
But the payment of the premium was, in effect, made
by McMahan; he was the person said in the policy to be
insured; if the mortgage had been discharged before
the loss he would still have been indemnified by the
policy for the full period named therein.  Therefore we
think it clear that the stipulation in the policy for pay-
ment to the mortgagees in case of loss was but a pro-
visional assignment of the contingent proceeds of the
contract and had not the effect to substitute the mort-
gagees for the mortgagor as the party insured.  "It is
still," said the supreme court of Wisconsin in the dis-
cussion of a similar provision, " the owner of the prem-
ises who is insured and the contract of the company is
with him alone, and the continued validity of the policy
is dependent upon the performance by him of the con-
ditions embraced in it." ( *Williamson* v. *Michigan etc.
Ins. Co.*, 86 Wis. 393,396; 39 Am. St. Rep. 906; see *Gillett*
v. *Liverpool etc. Ins. Co.*, 73 Wis. 203; 9 Am. St. Rep. 784;
*Moore* v. *Hanover F. Ins. Co.*, 141 N. Y. 219; and the note
in 28 Am. Law Reg., N. S., 221–43, where the learning per-
taining to this subject is well digested.)   We do not per-
ceive how the finding that defendant intended to insure
the interest of McMahan for the benefit and security of
plaintiffs, understood as it must be in connection with the
other facts found, at all influences the case; the finding
declares no more than the implications which flow from
the policy itself and the circumstances attending its
issue.

We agree with respondents that McMahan could not
become "the insured " without his knowledge or consent,
but we think they mistake in the assertion that he pro-
cured the North American policy, "in total ignorance of
the issuance of the Baloise policy."   It is true the court
found that McMahan " had no actual personal knowl-
edge" of its issuance; but considering the other facts
found this must be held to mean no more than what it

literally imports—that he had no knowledge thereof derived from the immediate exercise of his own senses; for, in the first place, he had agreed with the plaintiffs through Henderson that they should have as part of the security for their loan a policy of insurance on the building; a similar stipulation was inserted in the mortgage executed by him; the issuance of the Baloise policy was the only attempt at compliance with his promises in this regard; and secondly, he gave to the plaintiffs his promissory note for the amount of the premium they had advanced to Henderson. If these facts do not show that McMahan had actual notice of the Baloise policy, they at least show that Henderson was the agent of McMahan to whom the latter committed the matter of obtaining the same, and that Henderson's knowledge of the issue thereof must be imputed to McMahan. And since the plaintiffs accepted and retained the policy showing on its face that McMahan was the insured, they are in no position to say that they should not be affected by mere imputed knowledge of McMahan; they acted on the assumption that he had actual knowledge.

The insured having procured further insurance without the consent of the insurer, the policy sued on became void in virtue of the express provision for such result. (*Locey* v. *Insurance Co.* (Cal.), 11 Pac. Rep. 791.) We recommend therefore that the judgment be reversed and the cause remanded with directions to the court below to render judgment for defendant on the findings.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded with directions of the court below to render judgment for defendant on the findings.

McFARLAND, J., TEMPLE, J., HENSHAW, J.