LAROY Z. CUTLER ET AL. *vs.* ROYAL INSURANCE COMPANY.

First Judicial District, Hartford, May Term, 1898. ANDREWS, C. J.,
　　TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An applicant for fire insurance in the *A* company, having received no
response to his application, ten days thereafter took out a policy in
the defendant company. This policy provided that if the insured
then had, or should thereafter procure, other insurance upon the
property, the entire policy should be void. Subsequently the pol-
icy of the *A* company, delayed in transmission, was received and
retained by the insured. *Held* that the acceptance of this policy
was a violation of the provision against other insurance contained
in the policy issued by the defendant, and precluded the plaintiffs
from a recovery.

Another clause in the policy issued by the defendant required the as-
sured to maintain an insurance upon the property described of at
least 80 per cent of its cash value, or, failing so to do, to bear his
share of any loss. *Held* that whatever might be the effect of this
clause in certain cases, it could not operate as an implied permission
to procure other insurance, or as a waiver of the prohibition against
such insurance, where, as in the present instance, the amount al-
ready covered by the policy in suit equalled or exceeded 80 per cent
of the value of the property at the time it was insured and at the
date of its loss.

[Argued May 4th—decided June 1st, 1898.]

ACTION to recover the amount of a loss under a policy of
fire insurance, brought to the Superior Court in Hartford
County and reserved by that court, *Ralph Wheeler, J.,* upon
an agreed statement of facts, for the consideration and ad-
vice of this court. *Judgment for defendant advised.*

The policy sued upon was the standard form prescribed
by the Public Acts of 1893, Chap. 226, and contained the
following provisions: "This entire policy shall be void if
the insured has concealed or misrepresented, in writing, or
otherwise, any material fact or circumstance concerning this
insurance or the subject thereof. . . . This entire policy,
unless otherwise provided by agreement indorsed hereon or
added hereto, shall be void if the insured now has or shall
hereafter make or procure any other contract of insurance,

whether valid or not, on property covered in whole or in part by this policy."

There was also stamped upon the face of the policy the following: " *Standard Guaranty to Maintain 80 Per Cent. Insurance.* It is a part of the consideration of this policy, and the basis upon which the rate of premium is fixed, that the assured shall maintain insurance on the property described by this policy to the extent of at least eighty (80) per cent. of the actual cash value thereof; and that, failing so to do, the assured shall be an insurer to the extent of such deficit, and to that extent shall bear his, her, or their proportion of any loss that may happen to said property. Provided, however, that in the adjustment of any loss or damage by fire on stock or merchandise, no inventory for the purpose of ascertaining the application of the foregoing clause shall be required, unless the amount of damage is at least five (5) per cent. of the amount of insurance on such stock or merchandise. It is expressly understood and agreed that in case there shall be more than one item or division in the form of this policy, this clause shall apply to each and every item or division separately.

" *Note*—The co-insurance clause is not mandatory. The assured has the option of declining by paying a different rate. The co-insurance clause does not apply to dwellings and contents, unless specifically rated.

" Care should be exercised by the assured to see that at all times the amount of insurance on each item insured by this policy shall not be less than 80 per cent. of its value ; otherwise its operation in case of partial loss might work to the disadvantage of the insured by decreasing the amount of his indemnity."

The policy was issued to Matthew Ferguson and Albert Beyer, and subsequent to the loss was by them assigned to the plaintiffs.

The defendant claimed that the policy was void, because the insured had fraudulently concealed material facts concerning the insurance ; and because the insured had, after the policy was issued, without the knowledge of the defend-

ant and without permission in any form, procured additional insurance on the property covered by the policy.

By stipulation of the parties the facts were found by the court, and the case reserved for the advice of the Supreme Court of Errors.

The finding, after stating the proof of the formal allegations of the fire, the damage, and proofs of loss, is as follows : " 6. The court further finds that at the time the defendant issued said policy of insurance to said Ferguson and Beyer, the assured, said parties told the defendant that the value of the property insured under the first item was $1,200, and under the second item $500—which I find to be the value of said property at the time of the insurance,—and the assured also informed the defendant company that they intended to increase their stock of goods. 7. Ten days previous to the time of the taking out by the assured of the defendant's policy of insurance, to wit, September 4th, 1896, the assured had made an application to the local agent of the Ætna Insurance Company at said Manchester for a policy of insurance for the sum of $1,000, upon a portion of the same property insured in the defendant's policy, to wit, the stock of boots and shoes, the first item therein. Said policy in the Ætna Company was not delivered to the assured, nor was any communication received by said insured explaining its delay, until after they had received the policy in the defendant company. Because said Ætna policy had not been delivered to them pursuant to said application, and no communication had been received explaining its delay, the assured made application for a policy in defendant company, believing that the Ætna policy was not forthcoming. The assured did not communicate to the defendant the fact that said application for said Ætna policy had been made, nor had the defendant any knowledge or notice thereof at the time of issuing its policy. After receipt of the defendant's policy in suit, and before the fire, the Ætna policy was received by said assured and was retained by them. Said policy in the Ætna Insurance Company was a valid policy of insurance, dated September 4th, 1896, for the sum of $1,000. The delay in delivery

of the Ætna policy was in fact caused by serious illness of the child of said insurance agent, which for a time suspended his business, but the fact was not known to the assured. 8. The form of defendant's policy of insurance issued to said Ferguson and Beyer is the standard form prescribed by the statute law of this State. The defendant refuses to pay the amount of insurance provided for in said policy of insurance, upon the ground of the concealment by the assured of said other insurance for $1,000 existing upon said property at the time this insurance sued for was taken out, and the subsequent acceptance of the Ætna Insurance Company's policy, without permission of the defendant, and claims that such pre-existing insurance and such subsequent acceptance of the Ætna's policy is in violation of the conditions of this policy which prohibits other insurance without written permission of the defendant company. At the time of the fire the value of the stock of goods on hand and insured was $856.87, and no more, upon which the insured had $1,100 insurance in the defendant company, and $1,000 insurance in the Ætna Insurance Company of Hartford, making in all $2,100 insurance upon $856.87 worth of stock. The value of the tools and machinery which the assured had on hand at the time of the fire was $66.95, upon which assured had $400 insurance in the defendant company alone under their policy of insurance aforesaid, making in all $2,500 insurance upon property valued at $923.82. I find that at the time the defendant issued its policy to the plaintiffs' assignors it had no knowledge of such prior insurance, or the subsequent acceptance of the Ætna Insurance Company's policy, and that it had not consented to or waived the provisions of the policy against other insurance, unless the consent or waiver appears upon the face of said policy, or upon the slips or riders attached thereto, by construction of law. Defendant claims a violation of the policy in the concealment of the $1,000 pre-existing insurance and subsequent acceptance of the Ætna policy, and fraud claimed as apparent of record. Defendant also claims that if the language of the riders or slips upon said policy can be construed as a permit for 80 per

cent. insurance, or any other insurance, said permit was exhausted immediately upon the issuance of the defendant's policy to the plaintiffs' assignors, which, in fact, was for an amount greatly in excess of 80 per cent. of the plaintiffs' said property at the moment of its issuance and delivery. The question of what judgment should be rendered upon the foregoing facts is reserved for the advice of the Supreme Court of Errors."

*Hiram R. Mills*, for the plaintiffs.

The prohibition against other insurance can, at most, only operate to render the contract voidable at option of the insured, not void. It may be entirely waived by the insurer by any appropriate expression of purpose so to do. Its operation may be suspended and the company estopped from enforcing it by conduct inconsistent with an honest intent to rely upon it. The co-insurance clause annexed to the policy in suit operated as a waiver of the prohibition against other insurance. Instead of prohibiting other insurance, the policy in suit required the insured to maintain *at all times* co-insurance to the extent of at least 80 per cent. of the actual value of the property insured. The effect of the requirement to maintain 80 per cent co-insurance, though it is a clause of very recent origin and use, has been recently discussed in at least two reported cases, which have fully sustained the foregoing statements : *Pool* v. *Milwaukee Ins. Co.*, 91 Wis. 530; *Catoosa Springs Co.* v. *Linch*, 18 Misc. R. (N. Y.) 209. The Ætna policy was honestly retained. Its effect was beneficial to this defendant. It operated to reduce by one half the liability which this defendant would have been under if the Ætna policy had been returned instead of retained.

*George A. Fay*, for the defendant.

For more than half a century the expressed policy of all reputable insurance companies has been to prohibit " other insurance " which furthers the opportunity and leads to over-insurance, without written permission. The object of this

prohibition is twofold: protection to the companies themselves and the public, also to guard against fraudulent fires. Over-insurance puts a premium upon incendiarism, threatens the solvency of insurance companies, and exposes the community to the greatest of perils. But assuming " other insurance " is permitted, and that the defendant company might have consented to " other insurance " to a limited amount, still there is a limit beyond which no responsible company would allow a party insured to go, irrespective of prohibitory clauses. The procurement of other insurance in violation of conditions against it, avoids the policy, and so is the statute law of our state. *Allen* v. *Ins. Co.*, 123 N. Y. 6 ; Pub. Acts of Conn., 1893, Chap. 226, pp. 372, 373 ; *Couch* v. *City Ins. Co.*, 38 Conn. 185. The cases cited by the plaintiff from Wisconsin and New York, do not necessarily conflict with the defendant's view of the law applicable to the facts in this case. In fact those decisions are in accord with the contention of the defendant, as to insurance in *excess* of 80 per cent. The logic of those cases is that the 80 per cent clause raises or creates an implied license to insure up to 80 per cent of value, but no further; *i. e.*, up to such an amount as would " free the insured from the risk of contribution."

HAMERSLEY, J. If, as appears from the finding, the insured, at the time of their application to the defendant, believed that their prior application to the Ætna Insurance Company for a policy of insurance for $1,000 upon property they were asking the defendant to insure, could not result in a contract of insurance, they were not bound by the terms of their policy to then inform the defendant of that application. But in subsequently accepting the Ætna policy issued in pursuance of their application, they violated the provision against further insurance contained in the policy issued by the defendant; and for this reason the plaintiffs cannot recover. " Precisely that had occurred which both parties had stipulated should make void the contract of insurance." *Bishop* v. *Clay Ins. Co.*, 45 Conn. 430, 453.

The "standard guaranty to maintain 80 per cent. insurance," stamped on the face of the policy, did not supersede the provision against further insurance. The two provisions can stand together, and effect can be given to both. This " guaranty " clause in a fire insurance policy is of recent use and is a very peculiar one. We consider it only so far as necessary to the decision of this case. If, as the plaintiffs claim, the adoption of the clause imposes on the insured an obligation to procure such additional insurance as may be necessary to keep the total amount of insurance equal to 80 per cent of the changing actual value of the property covered by the policy, and therefore impliedly gives permission to procure, or waives the provision against, such insurance, it must follow that such permission or waiver is limited by the necessity from which it is implied. It may be that if, in fulfilling the obligation assumed, the 80 per cent limit is unintentionally exceeded, the policy would not for that reason become void ; but a question of this kind does not arise in the present case. The insured obtained insurance for $1,500 on a stock of goods and fixtures valued at $1,700 ; the insurance being more than 80 per cent of the value of the property insured. Immediately afterward they procured additional insurance on the principal item of this property, for $1,000. Within twelve days the property is destroyed by fire, and its actual value at that time is less than $1,000. There is here no room for any claim that the additional insurance was intended merely to fulfill the obligation of the guaranty clause. The insured in fact and intent violated the provision against over-insurance. They certainly stand in no better position than if, having obtained permission for an additional insurance of $100, they then procured insurance for ten times that amount.

The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.