C. MABEL WOOLFORD *vs.* PHENIX INSURANCE COMPANY.

Essex.   November 10, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance,* Fire.   *Contract,* Construction.

A policy of fire insurance in the Massachusetts standard form containing the con-
dition that "this policy shall be void . . . if the insured now has, or shall here-
after make, any other insurance on the said property, without the assent in
writing or in print of the company," and containing in a rider attached to it a
provision "that the assured shall maintain insurance on the property described
by this policy to the extent of at least eighty per cent of the actual cash value
thereof," becomes void if it is assigned with the assent of the company to one
who without the assent in writing or print of the company already has other
insurance on the property exceeding with the policy assigned the entire value
of the property.

CONTRACT upon a policy of fire insurance in the Massachusetts
standard form issued by the defendant to the estate of Ellen S.
Robinson, and afterwards assigned to the plaintiff, with the assent
of the defendant, insuring the Pigeon Cove House at Rockport in
the sum of $6,000 for the term of one year beginning August 29,
1902.   Writ dated May 20, 1903.

The answer contained a general denial and an allgation that
there was other insurance on the property described in the policy
without the assent in writing or in print of the defendant.   In
the Superior Court the case was heard by *Stevens,* J. upon an
agreed statement of facts.

The policy contained among other things the following
condition :

" This policy shall be void . . . if the insured now has, or
shall hereafter make, any other insurance on the said property,
without the assent in writing or in print of the company."

It also bore a rider which contained the following clause:

" New England Insurance Exchange Standard Guarantee to
maintain eighty per cent insurance.   It is a part of the con-
sideration of this policy and the basis upon which the rate of
premium is fixed that the assured shall maintain insurance on
the property described by this policy to the extent of at least

eighty per cent of the actual cash value thereof, and that failing so to do the assured shall be an assurer to the extent of such deficit, and to that extent shall bear his, her or their proportion of any loss that may happen to said property. Attached to and made a part of policy No. 636, Phenix Insurance Company. J. Judson Dean, Agent."

The plaintiff purchased the property, which consisted of the hotel building and furniture, a stable and about one acre of land, on December 23, 1902, from the heirs of Ellen S. Robinson for the sum of $15,500, and on or about December 26, 1902, she procured insurance on the hotel building in several companies, to the amount of $12,500. These policies were then and at the time of the fire valid insurance upon the property.

On January 3, 1903, while this other insurance was on the property, the policy in suit issued by the defendant was assigned to the plaintiff, and on the same day the assignment was assented to in writing by the defendant through its local agent. There was then, including the policy issued by the defendant, $18,500 of insurance upon the property.

On January 29, 1903, the property was totally destroyed by fire, and the defendant received notice of the loss on February 3, 1903. The value of the property at the time of its destruction was $17,400.

The plaintiff requested the judge to rule:

" That the rider containing the Eighty Per Cent Clause attached to this policy does by necessary implication authorize additional insurance without other consent, and that there was no violation of the policy by the additional insurance placed on the property by the plaintiff."

The judge refused to make this ruling. He found for the defendant; and the plaintiff alleged exceptions.

*C. A. Sayward,* for the plaintiff.

*F. W. Brown,* for the defendant.

HAMMOND, J. This clause called the " Standard Guarantee to maintain eighty per cent insurance " is of recent origin, but it does not entirely supersede the clause providing that the policy shall be void in case of additional insurance without the consent of the company. The two clauses are not necessarily inconsistent, and, to a certain extent at least, can stand together,

each having its due scope. As stated by Hamersley, J. in a similar case, " If, as the plaintiffs claim, the adoption of the [guaranty] clause imposes on the insured an obligation to procure such additional insurance as may be necessary to keep the total amount of insurance equal to 80 per cent of the changing actual value of the property covered by the policy, and therefore impliedly gives permission to procure, or waives the provision against, such insurance, it must follow that such permission or waiver is limited by the necessity from which it is implied." *Cutler* v. *Royal Ins. Co.* 70 Conn. 566, 572. See also *Allen* v. *German American Ins. Co.* 123 N. Y. 6. In the present case the additional insurance carried the total insurance to a sum greater than the entire value of the property. Applying the principle above stated, the result is that this policy was avoided by such additional insurance. In so far as the cases of *Pool* v. *Milwaukee Mechanics' Ins. Co.* 91 Wis. 530, and *Catoosa Springs Co.* v. *Linch,* 18 Misc. (N. Y.) 209, cited by the plaintiff, are inconsistent with this view, we cannot follow them. The ruling requested was properly refused.

*Exceptions overruled.*