SANTO DI MAURO *vs.* THE AETNA INSURANCE COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and JENNINGS, Js.

Argued January 3d—decided February 14th, 1933.

*R. L. Carmody,* with whom, on the brief, was *Edward J. Myers,* for the appellant (plaintiff).

*Edwin A. Clark,* for the appellee (defendant).

MALTBIE, C. J.   On March 27th, 1929, the plaintiff purchased from a motor sales company an automobile truck under a conditional bill of sale, paid a portion of the price at the time and agreed to pay the balance in eighteen monthly instalments.   The contract of sale provided that the sales company might insure the truck against fire and theft for its own protection and the protection of its assignee and the purchaser, that the plaintiff would pay the premium for the insurance upon demand and that on his failure to pay it, it was to be secured by the contract.   The amount the plaintiff agreed to pay the sales company included a premium for insurance, as the plaintiff well knew.   The sales company at once insured the truck against fire with the General Exchange Insurance Company, the policy being for two years, and also assigned its interest in the contract and truck to the General Motors Acceptance Corporation.   The insurance obtained was reasonably necessary properly to protect the interests of the sales company and its assignee.   It is found that the plaintiff accepted the policy and knew that the insurance had been effected.   He believed, however, that the policy was for only eighteen months. On or about September 24th, 1930, he made the final payment upon the truck and thereupon the sales company ceased to have any interest in it.   On January 12th, 1931, he took out a fire insurance policy upon the truck with the defendant for the term of one year. This policy provided: "No recovery shall be had under this Policy if at the time a loss occurs there be any other insurance, whether such other insurance be valid and / or collectible or not, covering such loss, which would attach if this insurance had not been effected." He was not asked when the policy was issued whether there was other fire insurance upon it and made no statement in regard to other insurance.   On or about

February 28th, 1931, the truck was badly damaged by fire. The plaintiff brought this action against the defendant to recover his loss under the policy issued by it. From a judgment for the defendant he has appealed.

At the time the loss occurred, the policy issued by the General Exchange Insurance Company had not expired and, at least, would have attached if the policy issued by the defendant had not been effected. The provision from that policy we have quoted, in the absence of some sufficient countervailing circumstance, prevents any recovery upon it for the plaintiff's loss. *Cutler* v. *Royal Ins. Co.*, 70 Conn. 566, 571, 40 Atl. 529. The plaintiff relies upon two circumstances as sufficient to obviate this result, first, that the sales company had no power to take out insurance for a longer period than eighteen months, and second, that he honestly believed that the policy in the General Exchange Insurance Company ran only for that period. As to the first claim, the contract with the sales company merely provided that the seller might insure the truck "to properly protect" the purchaser, seller and seller's assignee; this would authorize it to take out insurance for a term reasonably sufficient to protect its interests and those of its assignee; and the trial court has expressly found that the insurance in question was reasonably necessary to accomplish that purpose. As to the second claim, the provision quoted is not limited to situations of fraud by an insured and makes no allowance for even honest mistakes upon his part; it puts the onus upon him to see that there is no other insurance upon the property covered by the policy; and his honest belief that the terms of the policy issued by the General Exchange Insurance Company were other than they were, is no defense. *Popowicz* v. *Metropolitan Life Ins. Co.*, 114 Conn.

333, 158 Atl. 885. Moreover, in taking out insurance to protect the plaintiff's interest, the sales company was his agent; it was authorized to accept the policy for him; and he was bound by its knowledge of its terms. *Holbrook* v. *Baloise Fire Ins. Co.*, 117 Cal. 561, 567, 49 Pac. 555.

There is no error.

In this opinion the other judges concurred.