### 43434. WISE v. AMERICAN CASUALTY COMPANY OF READING, PA.

Bell, Presiding Judge. Matt Wise brought this suit against American Casualty Company to recover hospitalization insurance benefits. The policy provided: "This policy does not cover any loss caused by or resulting from . . . injury for which benefits are payable under any Workmen's Com-

pensation Act or Law, or sickness for which benefits are payable under any Workmen's Compensation or Occupational Disease Act or Law. . ." Evidence in support of defendant's motion for summary judgment showed that the injury to plaintiff arose out of and in the course of his employment, that plaintiff's medical expenses were paid by the employer pursuant to provisions of the Workmen's Compensation Act, and that plaintiff subsequently reimbursed the employer from proceeds of a recovery by plaintiff against a third-party tortfeasor. Plaintiff took this appeal from the trial court's grant of summary judgment for defendant. *Held:*

The quoted exclusionary clause did not preclude benefits under the policy only in the event that workmen's compensation was actually paid to the insured and retained by him. It provided an exclusion if compensation was *payable*—in other words, if at the time of the injury the employer was under a statutory liability to pay compensation. That statutory liability existed notwithstanding the fact that the employee was injured through the fault of a third party. Thus compensation was payable within the meaning of the exclusionary clause. This result is not changed by the fact that the employer was subsequently reimbursed for medical expenses actually paid to plaintiff. While the funds used to reimburse the employer apparently passed through plaintiff's hands, we must look, not to the mechanics of the transaction, but to the substance. In effect, reimbursement to the employer was made, not by plaintiff, but by the tortfeasor. See *Code Ann.* § 114-403; *Knight v. Shelby Mut. Ins. Co.,* 110 Ga. App. 149 (1) (137 SE2d 925). Thus plaintiff never lost the protection of the Act. There is no merit in plaintiff's contention that reimbursement to the employer nullified the effect of the exclusionary clause. The court properly granted summary judgment for defendant. See *Cash v. American Health Ins. Corp.,* 203 Va. 719 (127 SE2d 119) ; *Moeller v. Associated Hospital Service,* 304 N. Y. 73 (106 NE2d 16) ; Ann. 47 ALR2d 1240; Ann. 81 ALR2d 927, 936, § 7.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

ARGUED FEBRUARY 6, 1968—DECIDED APRIL 2, 1968.

*Brown & Dollar, James R. Dollar, Jr.,* for appellant.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin, W. Wray Eckl,* for appellee.