43726. MARSH, by Next Friend v. ZURICH INSURANCE COMPANY.

PANNELL, Judge. This is a claim by Jo Marie Marsh against the Zurich Insurance Company seeking recovery under a group medical policy. The case was submitted to the jury upon an agreed stipulation of fact as follows: "1. The parties stipulate the jurisdiction of the court. 2. The parties stipulate the terms and conditions of the insurance policy attached to plaintiff's petition and that Jo Marie Marsh duly filed her claim for the benefits as set forth in her complaint. 3. Jo Marie Marsh was an employee of the Zurich Insurance Company in Atlanta, Georgia, and the Zurich Insurance Company issued to Jo Marie Marsh the policies atttached to plaintiff's complaint. Jo Marie Marsh was at all times material living alone, employed, and providing her own support. 4. On or about June 6, 1966, when the contract of insurance was in full force and effect, Jo Marie Marsh was injured in an accident and incurred medical expenses in the amount of $2,364.85. 5. A. J. Marsh, plaintiff's father, under an insurance plan through his employer and the Republican National Insurance Company received the sum of $1,848.08 in benefits as a result of medical ex-

penses incurred by Jo Marie Marsh. 6. No portion of the $1,848.08 was used by A. J. Marsh to pay medical expenses incurred by Jo Marie Marsh. 7. Jo Marie Marsh did not own or receive any moneys from any medical insurance policy and does not have a policy of insurance of any type other than the policy in question. 8. Jo Marie Marsh is the named insured and the beneficiary under the policy of insurance attached to her complaint. 9. Zurich Insurance Company has refused and continues to refuse to pay Jo Marie Marsh the sum of $2,364.85, but has offered to pay $516.77, which amount is the difference between the moneys received by A. J. Marsh and the amount claimed by plaintiff. 10. Both parties agree that the disposition of this case is controlled by an interpretation of the non-duplicating provision in the insurance policy attached to plaintiff's complaint which reads as follows: Non-Duplication. No payment will be made under this insurance for any medical expenses of the insured person to the extent that benefits or services are provided for such medical expenses under any group, Blue Cross, Blue Shield, or other insurance or pre-payment plan (including a plan under federal or state or other governmental laws) arranged through this or any other employer, union, trustee, or association. 11. Both parties stipulate, agree, and consent to the above and foregoing." Based upon this stipulation and his construction of the policy, the trial judge ruled that the plaintiff could recover only $516.77, and rendered judgment accordingly. The plaintiff appealed. *Held:*

1. "This court has repeatedly applied the rule and stated it in different words, some of such decisions being *Massachusetts Benefit Life Assn. v. Robinson*, 104 Ga. 256 (2), supra, where it is said: 'If a policy of insurance is capable of being construed in two ways, that interpretation *must* be placed upon it which is *most favorable to the insured*' (italics ours) ; and *Johnson v. Mutual Life Ins. Co.*, 154 Ga. 653 (1, 2) (115 SE 14), that; 'If a policy of insurance is so drawn as to require an interpretation, and is fairly susceptible to two different constructions, the one will be adopted most favorable to the insured. Policies of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms,

prepared by experts at the insurer's instance, in the preparation of which the insured has no voice.' Again it is stated in *Penn Mut. Life Ins. Co. v. Milton,* 160 Ga. 168 (1) (127 SE 140, 40 ALR 1382) : 'If a policy of life insurance is capable of two constructions, that interpretation will be placed upon it which is most favorable to the insured.'" *Davis v. United Amer. Life Ins. Co.,* 215 Ga. 521, 527 (111 SE2d 488).

2. Where a medical expense policy, as in the present case, contains a provision that "No payment will be made under this insurance for any medical expenses of the insured person to the extent that benefits or services are provided for such medical expenses under any group, Blue Cross, Blue Shield, or other insurance or pre-payment plan (including a plan under federal or state or other governmental laws) arranged through this or any other employer, union, trustee, or association," such provision applies only to other insurance for which the insured person may, under the terms thereof, receive the benefits provided, and has no reference to policies where the benefits are solely for others and others are solely entitled thereto. Nothing here ruled is contrary to the ruling in *Wise v. American Cas. Co.,* 117 Ga. App. 575 (161 SE2d 393), but accords therewith. For cases reaching a different result see Metropolitan Life Ins. Co. v. Smith, 6 Life Cases (2d) 1337 (CCH) (Conn. Cir. Ct. No. CV 18-6305-0990) (February 1, 1965). And see DiMauro v. Aetna Ins. Co., 116 Conn. 246, 248 (164 A 494).

3. The trial court erred in rendering the judgment complained of.

*Judgment reversed. Bell, P. J., Jordan, P. J., and Hall, J., concur. Whitman, J., concurs specially. Felton, C. J., Eberhardt, Deen, and Quillian, JJ., dissent.*

SUBMITTED JUNE 5, 1968—DECIDED SEPTEMBER 3, 1968—REHEARING DENIED SEPTEMBER 25, 1968—

*Gilbert & Carter, Fred A. Gilbert,* for appellant.

*Long, Weinberg & Ansley, Sidney F. Wheeler,* for appellee.

WHITMAN, Judge, concurring specially. I concur in the judgment of reversal for the reason that in my view the exclusionary clause in the policy sued on relates only to medical benefits under any different policy issued by an insurance company or plan other than of the defendant, which different policy or plan had

been or would be arranged through the defendant or by an employer of plaintiff other than the defendant. The insurance issued to the father was under an insurance plan through his employer and the Republican National Insurance Company. This insurance was not arranged by the defendant and plaintiff was not the employee of any other employer. The exclusionary clause is clear and definite and is susceptible of one construction, and that is that it has no unfavorable application to plaintiff's claim for the full amount of the medical expenses sued for.

Brief of appellant "urges this court to consider and reverse the construction placed upon the non-duplication provision of said policy by the trial court (the policy sued on) and direct the trial court to enter a judgment for appellant in the amount of two thousand three hundred sixty-four and 85/100 ($2,364.85) dollars," thereby apparently abandoning claim for damages and attorney's fees originally sued for. This concurring opinion does not pass on any right of recovery, if any, by plaintiff in respect of claimed damages and attorney's fees.

DEEN, Judge, dissenting. Where provisions of the contract are clear and free of ambiguity we can afford them no construction save that which they clearly import. *Great Amer. Ins. Co. v. Lipe,* 116 Ga. App. 169, 174 (156 SE2d 490). Where the meaning is plain and obvious, the contract should be construed as literally provided therein. *Hansen v. Liberty Mut. Fire Ins. Co.,* 116 Ga. App. 528, 530 (157 SE2d 768).

As pointed out in *Wise v. American Cas. Co.,* 117 Ga. App. 575, 576, supra, "the quoted exclusionary clause did not preclude benefits under the policy only in the event that the workmen's compensation was actually paid to the insured and retained by him. It provided an exclusion if compensation was payable." In the case sub judice facts are stipulated clearly showing that medical benefits of the insured person *were provided for* by *"any other employer"* making mandatory the non-duplication exclusionary clause prohibiting duplicate benefits for medical expenses.

"The defendant argues that the benefits paid under the group plan covering her husband were not received by her and were not her property but were paid to her husband and were his sole property and that she can not be held liable for them. The fal-

lacy in this argument is that the policy is silent as to payments; it refers only to 'benefits provided under any employer group plan other than this plan.' The mere fact that there exists any other employer group plan under which benefits are provided for the defendant's medical expenses is sufficient for the purposes of exclusion (k)." Metropolitan Life Insurance Co. v. Smith, 6 Life Cases (2d) 1337 (CCH), supra. And see DiMauro v. Aetna Ins. Co., 116 Conn. 246, 248, supra.

The judgment of the trial court limiting plaintiff's recovery to $516.77 should be affirmed.

I am authorized to state that Felton, C. J., Eberhardt and Quillian, JJ., concur in this dissent.