### 63681. KING v. PUBLIC SAVINGS LIFE INSURANCE COMPANY.

BANKE, Judge.

The appellant received an injury compensable under the Workers' Compensation Act for which he was hospitalized from August 4, 1980, until October 2, 1980. All expenses incident to his hospitalization were paid by the workers' compensation carrier. The appellant was also covered under a medical insurance policy issued by the appellee, which contains the following exclusion: "This policy does not provide any benefits for any loss . . . for which no charge is made that the insured is required to pay." Relying solely on this exclusion, the appellee denied the appellant's claim for $1,230 in benefits under the policy. The appellant filed suit on the claim, seeking a bad faith penalty and attorney fees in addition to the benefits allegedly due, and the trial court granted the appellee's motion for summary judgment based on the policy exclusion. This appeal followed. *Held:*

It is undisputed that the hospital in fact charged for the appellant's hospitalization. The only question is whether the appellant was "required to pay" those charges within the meaning of the policy exclusion. He was obviously not required actually to make payment since payment was ultimately made by the workers' compensation carrier. However, he was certainly required to pay in the sense that he was primarily liable for the charges, i.e., if the workers' compensation carrier had not paid them, the hospital would have held him responsible.

If a policy of insurance is capable of two different constructions, that interpretation must be placed on it which is the most favorable to the insured. *Johnson v. Mutual Life Ins. Co.,* 154 Ga. 653 (1, 2) (115 SE 14) (1922); *Davis v. United American Life Ins. Co.,* 215 Ga. 521, 527 (111 SE2d 488) (1959); *Marsh v. Zurich Ins. Co.,* 118 Ga. App. 409 (1) (163 SE2d 867) (1968). The policy exclusion at issue in this case is capable of a construction favorable to the insured; and,

consequently, that is the construction which we must adopt. Had the appellee wished to exclude coverage for injuries for which benefits were payable under workers' compensation or other insurance, it could easily have drafted an exclusion to that effect in unambiguous language. See, e.g., *Wise v. American Cas. Co.,* 117 Ga. App. 575 (161 SE2d 393) (1968). The grant of summary judgment is accordingly reversed as to the claim for benefits itself. However, as to the claim for a bad faith penalty and attorney fees, the grant of summary judgment is affirmed, for though the interpretation placed on the policy by the appellee was erroneous, it cannot be termed unreasonable. See *American Interstate Ins. Co. v. Revis,* 156 Ga. App. 204 (2) (274 SE2d 586) (1980). See generally Code Ann. § 56-1206.

*Judgment affirmed in part and reversed in part. McMurray, P. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED APRIL 6, 1982.

*Wallace H. Pilcher,* for appellant.
*Millard B. Shepherd, Jr.,* for appellee.