65198. CANTRELL v. HOME SECURITY LIFE INSURANCE COMPANY.

SHULMAN, Chief Judge.
This action involves an attempt by appellant to recover benefits for medical expenses under a group insurance policy. She previously filed a workers' compensation claim for the injuries giving rise to the claim in this action. The workers' compensation claim was re-solved with the payment of $20,000 by her employer's workers' compensation carrier in exchange for a no liability stipulation approved by the State Board of Workers' Compensation ("Board"). The workers' compensation carrier also paid $9,050.67 in medical expenses.

The policy upon which this action is based excludes recovery for medical expenses arising out of or in the course of employment and for which the claimant is entitled to workers' compensation benefits.

The case was submitted to the trial court on cross motions for summary judgment and, relying upon the workers' compensation exclusion, the trial court granted appellee's and denied appellant's motion for summary judgment.

1. For at least three reasons, appellant is incorrect in asserting that the award of the Board denying appellant's workers' compensation claim based on the no liability stipulation is res judicata as to the issue of whether appellant's injury arose out of her employment and was compensable under the Workers' Compensation Act. First, the parties in the two actions are not identical. Code Ann. § 110-501 (OCGA § 9-12-40). Second, "a judgment rendered in conformance with an agreement to settle is not synonymous with a contested trial. Obviously, there has not been an adjudication upon the merits, despite the wording of the judgment." *Blakely v. Couch,* 129 Ga. App. 625, 628 (200 SE2d 493). Third, "the doctrines of res judicata and estoppel by judgment are applicable to awards of the [Board only] on all questions of fact in matters in which it has jurisdiction." *Woods v. Delta Air Lines,* 237 Ga. 332 (227 SE2d 376). The Board had no jurisdiction over the cause of action asserted herein. Id., p. 333.

2. " 'Where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made.' " *Ga. Carpet Express v. Travelers Indem. Co.,* 148 Ga. App. 603, 604 (252 SE2d 17). The record establishes, and appellant does not dispute, that she has received workers' compensation benefits to cover the medical expenses she now seeks to recover in this action. The policy involved here excludes coverage for injuries for which she is entitled to workers' compensation benefits. Such a clause has been interpreted as precluding recovery, not only when workers' compensation benefits are actually paid, but when they are payable as well. *Wise v. American Cas. Co.,* 117 Ga. App. 575, 576 (161 SE2d 393). Clearly, this clause must be construed to exclude coverage when workers' compensation benefits are actually paid, irrespective of whether or not there is an adjudication on the merits of compensability by the Board. Id. Compare *King v. Public Savings &c. Ins. Co.,* 162 Ga. App. 49 (290 SE2d 134). The trial court correctly granted appellee's motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 8, 1983.

*Thomas W. Woodall,* for appellant.

*Steven L. Beard, Ben Kingree III,* for appellee.