68969, 68970. AETNA CASUALTY & SURETY COMPANY
v. HULSEY; and vice versa.
(325 SE2d 923)

BIRDSONG, Presiding Judge.

This appeal involves the effect of a "no-liability stipulation and agreement" and "covenant not to appeal," in settlement of a workers' compensation claim entered into by appellee Hulsey, which was included in her receipt of $8,250 from the employer's workers' compensation insurer. In this action, Hulsey, who was injured while riding to

a worksite in her employer's vehicle, sought additional coverage under the employer's no-fault insurer. The appellant insurer (also coincidentally the employer's workers' compensation insurer) denied full coverage pursuant to OCGA § 33-34-8 (b) and (c), which mandates that no-fault benefits provided by an employer be set-off "to the extent that the insured injured person is entitled to receive compensation for such expenses incurred under any workers' compensation law." The appellant insurer was denied summary judgment on the no-fault claims. *Held*:

1. Under *General American Life Ins. Co. v. Barth*, 167 Ga. App. 605 (307 SE2d 113) and *Cantrell v. Home Security Life Ins. Co.*, 165 Ga. App. 670 (302 SE2d 415), the workers' compensation board award based on the no-liability stipulation and settlement constituted a workers' compensation award of $8,250 and bars Hulsey's claim for undiminished no-fault benefits under OCGA § 33-34-8 (b) and (c). Thus, the trial court erred in denying Aetna's motion for partial summary judgment.

2. Hulsey, as cross-appellant, contends she was entitled to summary judgment on her claims of medical expense and lost wages without proving the reasonableness and necessity of her claims and expenses (see OCGA § 24-7-9). Because some no-fault coverage may yet be involved, issues of fact do remain in this case as to their reasonableness and necessity. The trial court correctly denied Ms. Hulsey's motion for summary judgment.

*Judgment reversed in Case No. 68969 and affirmed in Case No. 68970. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 18, 1985.

*William Lewis Spearman, Kenneth F. Dunham*, for appellant.
*Charles E. Moore, Jr.*, for appellee.