## 55011. HOLZMAN v. NATIONAL BANK OF GEORGIA et al.

DEEN, Presiding Judge.

Ruth Holzman filed an action against the National Bank of Georgia alleging that she is the executrix of the estate of Lawrence Holzman who died February 6, 1976; that in April, 1975, the deceased instructed the bank to deliver corporate stock to him held by it under a Keogh retirement plan trust which he had established; that he was 78 years old and had a right under federal regulations to withdraw the assets of the plan; that he further instructed them to deliver the uninvested accrued cash to his wife; that the bank failed to do so and still has the stock and funds. She sought judgment in the amount allegedly withheld.

The bank answered, among other things, that it does have the stock and cash; that any termination of the trust must be in writing; that no written notice of termination was ever received by it; that it is bound by the contract, and that the contract contains a designation of beneficiary, Mary Louise Holzman Haddit. The latter then intervened claiming the fund and the bank, pursuant to court order, paid the proceeds of the trust into court. The court then entered judgment on the pleadings for the intervenor, Haddit, and plaintiff appeals. *Held:*

1. To justify the grant of a judgment on the pleadings it is not sufficient that the complaint fails to state a claim on which relief can be granted, but the pleadings must affirmatively show that no claim in fact exists. *Bullock v. Grogan,* 139 Ga. App. 97 (2) (227 SE2d 894).

2. The bank's defense to the effect that the trust could only be revoked in writing, and no written revocation was received, would if proved or admitted require a judgment awarding the funds to the intervenor. However the plaintiff did not and was not required to reply to the bank's answer, and must be presumed to deny its allegations. Code § 81A-108 (d).

3. Under the facts above stated it was error to grant a judgment on the pleadings. It does not appear that a motion for summary judgment was made. It does appear from the court's order that he considered "statements of counsel, particularly the attorney for the plaintiff" but the content of these statements is not apparent, and they are assumed to be legal conclusions arrived at in argument and based upon the record. Nor do we consider that a contrary conclusion is authorized because of the appellant's statement in her brief that she "has no quarrel with the trial court granting intervenor the funds paid into court by the defendant bank." The appellant's position appears to be that the trustee breached a fiduciary relationship in not following the seller's instructions terminating the trust prior to his death. Whether or not this was possible, whether a breach of fiduciary duty occurred, and what the legal results thereof might be, are not before us for decision at this time. The trust agreement was not in the record before the trial court or this court. The judgment which in effect dismissed the complaint and ordered the fund paid to the intervenor is accordingly reversed.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 24, 1978 — REHEARING DENIED FEBRUARY 7, 1978.

*William F. Lozier,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Ralph H. Hicks, Walter W. Calhoun,* for appellees.