## 57224. HOLZMAN v. NATIONAL BANK OF GEORGIA.

DEEN, Chief Judge.

Mrs. Holzman, as administratrix of her husband's estate, brought suit against National Bank of Georgia (NBG) to recover the value of certain securities and cash held by the bank in her husband's Keogh plan, or, in the alternative, damages for the bank's negligence in failing to follow her husband's oral instructions to terminate the plan and return the assets. Ms. Hadditt intervened in the lawsuit claiming that she was the daughter of the deceased and was the sole designated beneficiary of the funds. The trial court then ordered the bank to file an interpleader action and pay the proceeds of the plan into

the registry of the court. At trial, Mrs. Holzman stated that she made no claim to the funds held by the court because the document her husband filed with the bank designated the intervenor as beneficiary. Instead, she contends that Mr. Holzman's estate is entitled to $7,641.84 as damages for the bank's negligence. She brings this appeal from an order of the trial court which directed a verdict in favor of NBG. She does not appeal from the directed verdict granted in favor of intervenor/defendant Hadditt. The basic facts of this case were previously set forth in *Holzman v. National Bank of Ga.,* 144 Ga. App. 710 (242 SE2d 299) (1978). *Held:*

A copy of "The National Bank of Georgia Self-Employed Master Retirement Plan Trust" was introduced into evidence. An examination of the plan and the "Designation of Beneficiary" form shows that both documents contain references to certain sections of the agreement as to ways the plan may be altered, revoked or the beneficiary changed, but the sections referred to do not appear in either document. Mr. McGee, an NBG trust officer, testified without objection as to the procedures that had to be followed to make changes in the plan and that the bank required written notice to change the beneficiary, buy or sell securities, or to transfer assets from one trustee to another. His testimony that Mr. Holzman always gave his instructions in writing on his firm's letterhead was also not objected to or impeached.

Mrs. Holzman testified that she accompanied her husband to the bank sometime in April of 1976 and that he orally requested Mr. McGee to terminate the account and to transfer the dividends and interest to her account and to return to him all the assets in the Keogh plan. She claims that the bank officer promised to round up the assets for her husband, but did not do so. Mr. McGee denied that such a meeting occurred, but claimed that Mrs. Holzman had made several telephone requests and a written request that her husband's plan be terminated.

Code Ann. § 108-105 requires that "[a]ll express trusts shall be created or declared in writing." The Code, however, is silent as to the method of revocation, and we have not been able to find any Georgia case law as to required revocation procedures. Here, the bank officer

was permitted to testify without objection that the revocation was required to be in writing. Mrs. Holzman seems to claim that the bank waived this requirement when Mr. McGee promised to round up the Keogh plan assets. "A mode of revocation provided for by statute or in the trust instrument must be followed; if none is provided for, revocation may be by any act or conveyance sufficient to terminate the trust or to manifest the settlor's intention to revoke . . . [I]t has been held that a provision for written notice to the trustee, being solely designed for his benefit, may be waived by him, with resulting valid revocation..." 89 CJS 917, Trusts, § 91. Thus, it would be possible for a jury to find that the bank had waived the requirement that the termination of the trust had to be in writing.

"On the termination of a trust, the estate of the trustee ceases, and the legal, as well as the equitable, title rests in the beneficial owner without the necessity of any act or intervention on the part of the trustee, unless the intention of the creator appears that the legal title should continue in the trustee." 89 CJS 938, Trusts, § 96. Therefore, if the jury found that the writing requirement was waived by the bank, the trust assets would have immediately vested in Mr. Holzman and the bank would have been automatically divested of title and his estate could compel their return. But Mrs. Holzman has not chosen to pursue this course of action. Instead, she recognizes her stepdaughter's claim to the fund based upon the beneficiary form filed with the bank and does not appeal from the grant of a directed verdict in Ms. Hadditt's favor. The record also shows that Mrs. Holzman entered into an agreement with her stepdaughter prior to trial as to the proceeds of two insurance policies which were owned by Mrs. Holzman but named Ms. Hadditt as beneficiary. It was agreed that each woman would take the proceeds of one of the policies and that Ms. Hadditt would receive the Keogh funds on deposit at NBG. In any event, the bank has not chosen to pay the funds directly to Ms. Hadditt. Instead, it denied that the trust had been terminated, filed an interpleader and paid the funds into the registry of the court as provided under Code Ann. § 81A-122 in order to avoid double liability. See *Williams v. Overstreet*, 230 Ga. 112 (195 SE2d 906) (1973).

Under the facts in this case it is unnecessary for us to determine if the bank would be liable for damages for failure to comply with Mr. Holzman's purported request because Mrs. Holzman's recognition of her stepdaughter's right to take the funds as beneficiary is recognition that the trust was never terminated and she has waived any negligence which she attributes to the bank. She simply cannot claim that the trust had ceased to exist at the time of her husband's termination request and the bank was negligent in failing to pay over the funds thereby damaging his estate while recognizing that the trust still exists and that Ms. Hadditt is entitled to the proceeds as beneficiary.

Accordingly, the trial court did not err in granting a directed verdict in favor of NBG.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

SUBMITTED FEBRUARY 13, 1979 — DECIDED MARCH 16, 1979.

*William F. Lozier,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Robert W. Beynart, Kenneth L. Millwood, Walter W. Calhoun,* for appellee.