### 37722. BERGEN et al. v. MARTINDALE-HUBBELL, INC.

CLARKE, Justice.

Martindale-Hubbell, Inc., is a commercial publishing house engaged in the business of compiling and distributing a law list and directory of attorneys, who may be assigned a rating as to their legal ability. Plaintiff-appellant Joseph Bergen, an attorney, filed suit against Martindale-Hubbell, Inc., complaining of the rating given him in its directory. The suit is cast in four counts.

The plaintiff moved for partial judgment on the pleadings for Count 3, seeking declaratory relief, and Count 4, seeking to enjoin defendant from publishing its directory. Defendant made a cross motion for partial judgment on the pleadings. The court denied plaintiff's motion and granted the motion of defendant, dismissing the counts on the grounds that defendant's right to publish its directory is protected by the First Amendment to the Constitution of the United States and, secondly, that plaintiff, by contracting to purchase defendant's directory, consented to the ratings therein. It is from this order that plaintiff now appeals.

Plaintiff contends that Georgia's designation plan for attorneys, 243 Ga. 875-886, limits the information permitted in a publication such as Martindale-Hubbell to specific information which does not include a rating. Plaintiff further argues that the protection of the First Amendment does not extend to forbidden attorney practices. Finally, plaintiff insists that the speech here is entitled to a lesser degree of protection in that it is commercial speech.

The difficulty with plaintiff's arguments is that the First Amendment guarantees with which we are concerned are not those of the members of the bar who are regulated by the Georgia Designation Plan, but, rather, those of Martindale-Hubbell. The Rules and

Regulations for the Organization and Government of the State Bar of Georgia apply only to practitioners of law in the state. Martindale-Hubbell is not regulated by the Rules and Regulations of the State Bar of Georgia. Ga. L. 1963, pp. 70-72. Rule 3-102, DR2-102 (A) (6), which lists the data which may appear in a law list or legal directory, applies to attorneys and limits the material which may be furnished by them. The rule does not purport to regulate the publisher or to control the information which he may publish. In any event, the material published by Martindale-Hubbell and complained of here is protected by the First Amendment to the Constitution of the United States and Art. I, Sec. I, Par. IV of the Constitution of Georgia. Code Ann. § 2-104. *Ga. Gazette Publishing Co. v. Ramsey,* 248 Ga. 528 (284 SE2d 386) (1981).

Because we have found that the activity concerning which plaintiff seeks injunctive and declaratory relief is protected by the First Amendment, we need not address the question of estoppel, which was another basis for the trial court's judgment on the pleadings for Counts 3 and 4 of the complaint.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents and Weltner, J., not participating.*

DECIDED NOVEMBER 24, 1981 — REHEARING DENIED DECEMBER 15, 1981.

*Joseph B. Bergen, Belli & Choulos, Melvin M. Belli, Laurie K. Abbott,* for appellants.

*Bouhan, Williams & Levy, Walter C. Hartridge II, Frank W. Seiler,* for appellee.