67267. THIGPEN v. JOHNSON et al.

QUILLIAN, Presiding Judge.

Plaintiff/appellant, Gary Thigpen, brings this appeal from an order of the court dismissing his action on the ground that it failed to state a claim upon which relief could be granted. Plaintiff's sole enumeration of error is that "[t]he trial court erred as a matter of law in dismissing appellant's complaint for failure to state a claim without first affording appellant a hearing."

Plaintiff filed his action in DeKalb Superior Court asking damages from the defendants arising from an incident in Florida in which he alleged he was acting as the defendants' agent. Defendants answered, denying liability, and asserting — inter alia, that the complaint failed to state a claim against the defendants upon which relief could be granted. Thereafter, defendants filed a Motion to

Dismiss for Failure to State a Claim. The record does not contain a rule nisi on this motion. Counsel for plaintiff filed a letter with the court citing OCGA § 9-11-12 (d) (Code Ann. § 81A-112) which provides for preliminary hearings on defenses specifically enumerated in subparagraph (b) (1) through (b) (7) — which includes "(6) Failure to state a claim upon which relief can be granted." In the letter, counsel argued that this Code section "does not provide that a moving party can win by default by asserting any of the defenses contained in this Code Section without a hearing." However, the Court's order recites that "[t]he above-styled case *having duly come on for hearing* on the defense timely raised by Defendant in his answer of April 8, 1983 and of his Motion to Dismiss for failure to state a claim . . . Defendant's Motion is hereby GRANTED and the Complaint is DISMISSED . . ." (Emphasis supplied.) *Held:*

1. The record does not support plaintiff's claim of error. We can construe the trial court's order in no other way than a recitation that a "hearing" was held. The plaintiff does not contend that the trial court's order is erroneous. Nor is there an assignment or enumeration that the record does not correctly reflect that which it recites. Neither has plaintiff moved to correct the record to make it reflect or fully disclose what transpired in the trial court under OCGA § 5-6-41 (f) (Code Ann. § 6-805) — if the order is incorrect.

We must take the record as we find it. " 'The burden is on him who asserts error to show it affirmatively by the record.' " *Hancock v. Oates,* 244 Ga. 175, 176 (259 SE2d 437). This cannot be done by evidentiary assertions in either the enumeration or the brief. *Redwing Carriers v. Knight,* 143 Ga. App. 668, 674 (239 SE2d 686). The record shows a "hearing" was held. Hence, the enumeration is without merit.

2. Defendant's motion to supplement the record by directing the trial court to send up the Local Rules of Court is mooted by the above holding. Even if the issue were not moot, the decision we reach is controlled by OCGA § 9-11-12 (Code Ann. § 81A-112), and local rules must yield to statutory requirements of the CPA. *Lackey v. DeKalb County,* 156 Ga. App. 309 (2) (274 SE2d 705).

*Judgment affirmed. Sognier, J., concurs. Pope, J., concurs specially.*

DECIDED JANUARY 3, 1984.

*Jay W. Bouldin, Frank W. Virgin,* for appellant.
*Edward W. Killorin,* for appellees.

POPE, Judge, concurring specially.

Even though the record does not affirmatively disclose that no hearing was had, it is obvious from the briefs and the record that there was no date on which counsel for the parties stood before the judge and presented arguments. Counsel for appellee impliedly concedes this in his brief by simply urging that oral argument was not required. Thus, while I agree that the trial court's order should be affirmed, I would simply state that the right to present oral argument on a motion to dismiss for failure to state a claim is not required by the language of OCGA § 9-11-12 (d) (Code Ann. § 81A-112). See *Phillips v. Marcin,* 162 Ga. App. 202 (2) (290 SE2d 546) (1982).