## 70441. BERGEN v. MARTINDALE-HUBBELL, INC.
(337 SE2d 770)

BENHAM, Judge.

This is the third appearance of this case in the appellate courts. See 245 Ga. 742 (267 SE2d 10) (1980); 248 Ga. 599 (285 SE2d 6) (1981). The only claims remaining at the time of the judgment complained of in this appeal were based on libel and the Fair Credit Reporting Act (FCRA) (15 USCA § 1681). The claim of violation of the FCRA is based on appellee's refusal to disclose to appellant the records on which it bases the ratings of legal ability which appear in the legal directory appellee publishes. The basis of the libel action is that appellant was assigned a rating of "bv" rather than "av," the highest rating available. On this appeal, appellant enumerates as error the grant of judgment on the pleadings to appellee, the denial of

partial judgment on the pleadings for appellant, and the trial court's failure to compel discovery before entering judgment.

1. "To justify the grant of a judgment on the pleadings it is not sufficient that the complaint fails to state a claim on which relief can be granted, but the pleadings must affirmatively show that no claim in fact exists. [Cit.]" *Holzman v. Nat. Bank of Ga.*, 144 Ga. App. 710 (1) (242 SE2d 299) (1978).

2. In order for appellant to prevail on his claim under the FCRA, appellee must be a "consumer reporting agency" since the disclosure requirements alleged to have been violated apply only to "consumer reporting agencies." 15 USCA § 1681g. "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative non-profit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . ." 15 USCA 1681a (f). "The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living . . ." 15 USCA § 1681a (d).

As may be seen from the definitions quoted above, appellee may be considered a consumer reporting agency and thus subject to the disclosure requirements of the FCRA, only if it furnishes consumer reports, that is, only if it furnishes information "bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." The pleadings in the record before us do not allege that appellee furnishes such information. Appellant's complaint alleges, and appellee admits, that the rating of which appellant complains deals with *legal ability*. The rating does not purport to concern any aspect of appellant's credit, general reputation, personal characteristics or mode of living. As appellant himself alleges in his pleadings, the rating is based on a "consensus of opinion as to legal ability." We hold, therefore, that under the allegations of the pleadings, appellee's publication does not constitute a "consumer report" within the meaning of the FCRA; that appellee is not, therefore, a "consumer reporting agency" and is not subject to the disclosure provisions of the FCRA. That being so, the pleadings show that no claim against appellee exists under the FCRA. The grant to appellee of judgment on the pleadings on appellant's claim under the FCRA and the concomitant denial of appellant's motion for partial judgment on the pleadings on that issue were correct. *Holzman*, supra.

3. Appellant's libel action is based on the publication of what he alleges in his complaint to be an opinion of his legal ability in com-

parison to that of other attorneys. The expression of opinion on "matters with respect to which reasonable men might entertain differing opinions" (*Grayson v. Savannah News-Press*, 110 Ga. App. 561, 568 (139 SE2d 347) (1964)) is not libelous. The relative abilities of different lawyers is patently such a matter, wholly subjective and not capable of proof or disproof. Appellee here is entitled, as was the appellee in *Grayson*, to express such opinions. "An assertion that cannot be proved false cannot be held libelous. A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be. [Cits.]" *Hotchner v. Castillo-Puche*, 551 F2d 910, 913 (1977). "However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Gertz v. Robert Welch, Inc.*, 418 U. S. 323, 339 (94 SC 2997, 41 LE2d 789) (1974).

Since what appellant contends was libel was a statement of opinion which, as the cases cited above hold, cannot be libel, appellant's pleadings show that no claim for libel exists in this case. Accordingly, the trial court did not err in granting appellee's motion for judgment on the pleadings on appellant's libel claim. *Holzman*, supra.

4. Appellant's third enumeration of error is that the trial court erred in "failing to rule on and failing to deny defendant's objections to plaintiff's interrogatories . . ." Our review of the record shows that appellant served interrogatories on appellee, and appellee answered some of them and objected to the rest. So far as the record shows, that was the end of the matter, there being nothing in the record to show that appellant availed himself of the opportunity provided in OCGA § 9-11-33 (a) (2) to move for an order under OCGA § 9-11-37 (a) with respect to the objections. There having been no invocation by appellant of the trial court's authority in this matter, we find no error in the trial court's nonaction with respect thereto. Cf. *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651 (1) (334 SE2d 188) (1985).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 23, 1985 —
REHEARING DENIED NOVEMBER 7, 1985 —

*Joseph B. Bergen, Melvin Belli, Laurie K. Abbott*, for appellant.
*Walter C. Hartridge, Roy E. Paul*, for appellee.