## 74466. SOFET v. ROBERTS.

(364 SE2d 595)

BENHAM, Judge.

Appellant Sofet purchased a used 1979 Mercedes Benz 280SE that appellee Roberts allegedly had imported into the United States. Although appellant did not purchase the vehicle from Roberts, he bought it "under the belief and information that the original importer had conformed to all State and Federal laws and that the vehicle could be properly licensed, titled, registered and insured in the State of Georgia." Asserting he was damaged by appellee's failure to bring the car into compliance with the applicable standards, appellant filed suit. In a pre-trial order, the issues were narrowed to breach of contract and negligence. Concluding that no privity of contract existed between the parties, the trial court granted appellee's motions to dismiss and for judgment on the pleadings. This appeal followed.

1. Appellant argues that matters outside the pleadings were considered, thereby converting appellee's motion for judgment on the pleadings into one for summary judgment (see OCGA § 9-11-12 (c)), and that he was not given the requisite 30 days from the date of service of the motion in which to respond to the motion. See OCGA § 9-11-56; Rule 6.2 of the Uniform Superior Court Rules. Since there is nothing in the trial court's order or in the record that reflects that the trial court considered matters outside the pleadings, we cannot join in appellant's conclusion. See *Thigpen v. Johnson*, 169 Ga. App. 410 (2)

(313 SE2d 121) (1984).

2. " 'Under the Civil Practice Act a motion to dismiss a complaint for failure to state a claim upon which relief may be granted should not be granted unless averments in the complaint disclose with certainty that [plaintiff] would not be entitled to relief under any state of facts that could be proven in support of the claim.' [Cit.]" *Ledford v. Meyer*, 249 Ga. 407 (2) (290 SE2d 908) (1982). A similar standard must be met to justify the grant of a judgment on the pleadings. See *Bergen v. Martindale-Hubbell*, 176 Ga. App. 745 (1) (337 SE2d 770) (1985). In the case at bar, appellant attempted to set forth a breach of contract claim. Since privity of contract must exist between parties in order to maintain a suit on the contract (*Stein Steel &c. Co. v. Goode Constr. Co.*, 83 Ga. App. 821, 822 (65 SE2d 183) (1951)), and there is no evidence of the existence of a contract between appellant and appellee, it was not error to grant the motions to dismiss and for judgment on the pleadings to appellee on the contractual claim.

In his negligence claim, appellant maintains that appellee, as importer of the vehicle, had a duty under federal and state law to modify the car in order to meet applicable standards and that appellee's breach of that duty injured appellant. OCGA § 51-1-6 provides: "When the law requires a person to perform an act for the benefit of another . . . although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." It is clear from the pleadings, however, that appellant did not allege that appellee's negligence caused appellant damage to his person or property but that appellant sought damages " 'attendant to his receiving a vehicle not up to the standards that he contracted to purchase [from a third party]; he simply sued for loss of the benefit of his bargain.' [Cit.] Under these particular circumstances, 'such damages are not recoverable in negligence. [Cits.]' " *Waller v. Transworld Imports*, 155 Ga. App. 438 (1) (271 SE2d 1) (1980). "[I]n the absence of an accident, there can be no action in negligence to recover the loss of the economic value of a defective product, unless there is some personal injury or damage to other property." *Vulcan Materials Co. v. Driltech*, 251 Ga. 383 (1) (306 SE2d 253) (1983). See also *Long v. Jim Letts Olds.*, 135 Ga. App. 293, 295 (217 SE2d 602) (1975). It was not error to grant appellee's motions to dismiss and for judgment on the pleadings on appellant's negligence claim.

3. Appellant contends he asserted a prayer for equitable relief which should have survived the dismissal of his legal claims. The only equitable relief appellant sought was for rescission of the contract. Inasmuch as we have agreed with the trial court that no privity of contract existed between appellant and appellee, the trial court did

not err in dismissing that portion of appellant's complaint which sought rescission.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED DECEMBER 17, 1987 —
REHEARING DENIED JANUARY 4, 1988 — 

*Thomas W. Tobin, Valerie G. Tobin*, for appellant.
*Joseph E. Cheeley III*, for appellee.