## A93A0288. NEAL v. SUPERIOR INSURANCE COMPANY.
(432 SE2d 253)

SMITH, Judge.

Appellant Neal sued Superior Insurance Company to collect Personal Injury Protection (PIP) benefits allegedly owed him for certain chiropractic treatments pursuant to the now repealed but herein applicable Georgia Motor Vehicle Accident Reparations Act (former OCGA § 33-34-1 et seq.). Appellant also sought a statutory "bad faith" penalty, attorney fees, and punitive damages. The insurer filed a motion for partial summary judgment as to its nonliability for bad faith penalties, showing that it refused to pay only for those chiropractic treatments received after an independent medical examination indicated that the appellant required no further treatments for symptoms arising out of the covered event. Defendant's motion was granted, and this appeal followed. *Held*:

The trial court did not err in granting the defendant's motion for partial summary judgment on the issue of the insurer's alleged bad faith refusal to pay. "A judgment against an insurer for a bad-faith penalty and attorney fees [was] not authorized [pursuant to former OCGA § 33-34-6] if the insurer had reasonable and probable cause for defending the claim. [Cit.] 'Not every defense bars a finding of bad faith. It is a defense which raises a reasonable question of law or a reasonable issue of fact though not accepted by the trial court or jury' [Cit.]" *Colonial Life &c. Ins. Co. v. Donaldson*, 172 Ga. App. 211, 212 (1) (322 SE2d 510) (1984). Where a licensed physician advises that continued treatments are not in fact necessary, unless the physician's opinion is patently erroneous based on facts timely brought to the attention of the insurer, the insurer's defense for refusing to pay for such treatments was reasonable as a matter of law. See, e.g., *Colonial Life*, supra at 213 (1).

While normally "the question of good or bad faith is for the jury, . . . when there is no evidence of unfounded reason for the nonpayment . . . the court should disallow imposition of bad faith penalties. [Cit.]" *Intl. Indem. Co. v. Collins*, 258 Ga. 236, 238 (2) (367 SE2d 786) (1988). The trial court correctly disallowed "bad faith" penalties against the insurer by grant of partial summary judgment since the insurer presented a defense that was reasonable as a matter of law. See *King v. Public Savings Life Ins. Co.*, 162 Ga. App. 49 (290 SE2d 134) (1982).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 3, 1993.

*Reynolds & McArthur, Bradley J. Survant,* for appellant.
*Eason, Kennedy & Associates, Richard B. Eason, Jr.,* for appellee.