A94A2213, A94A2214. HAEZEBROUCK et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
and vice versa.
(455 SE2d 842)

SMITH, Judge.
Deborah Haezebrouck and her husband, Joseph Haezebrouck, brought suit against State Farm Mutual Automobile Insurance Company and others. They alleged claims for failure to pay medical expenses and bad faith in denying certain claims for medical expenses incurred by Deborah Haezebrouck after a motor vehicle accident. Joseph Haezebrouck also alleged that State Farm's medical consultant, Don R. Wakefield, published a report libeling him. State Farm moved to dismiss the action or for partial summary judgment. The trial court granted State Farm's motion in part and denied it in part. In Case

No. A94A2213, the Haezebroucks appeal from that portion of the trial court's order granting partial summary judgment. In Case No. A94A2214, the cross-appeal, State Farm appeals from that portion of the trial court's order denying complete relief.

The record reveals that Joseph Haezebrouck is a chiropractor and Deborah Haezebrouck is employed at her husband's office. After she was involved in a vehicular collision, Deborah Haezebrouck sought chiropractic treatment for her injuries. Although State Farm paid over $5,000 in no-fault and medical payment benefits, it refused to pay approximately $1,700 of submitted expenses, representing charges for certain items of treatment. These items consisted of a TENS unit, a Lossing back and neck traction unit, a cervical collar, a cervical pillow, and a knee support. State Farm denied payment for the collar, pillow, and knee support on the ground that they had been prescribed by a chiropractor but were not within the scope of chiropractic practice, as permitted by OCGA § 43-9-16. The denial of payment for the other items was based on the opinions of independent evaluators, who concluded that the items submitted to them for review were not medically necessary for Haezebrouck's condition.

The trial court agreed that the collar, pillow, and knee support were not within the scope of chiropractic practice and granted State Farm's motion for summary judgment as to those items. It found, however, that the TENS unit and the Lossing back and neck traction unit were within the scope of chiropractic practice and denied summary judgment as to payment of claims for these items. It also concluded there was a jury issue as to whether State Farm's refusal to pay for these items as medically unnecessary was reasonable. In addition, it found a jury issue as to Dr. Haezebrouck's libel claim.

1. In the main case, the Haezebroucks contend the trial court erroneously granted partial summary judgment in favor of State Farm on their claim that it wrongfully refused payment of the claim for the collar, pillow, and knee support. We agree.

The trial court found that recommendation of these items was not within the scope of chiropractic practice. However, as amended in 1993, OCGA § 43-9-16 (b) permits chiropractors to "utilize and recommend hot and cold packs and nonprescription, over-the-counter structural supports for the articulations of the human body which are commonly available through retail pharmacy outlets." This amendment became effective July 1, 1993, and therefore was not in effect at the time State Farm denied the claim.[1] However, when the law has been changed, a reviewing court must apply the law as it exists at the

---

[1] It was, however, in effect at the time the trial court entered judgment on August 5, 1993.

time of *its* judgment, if the application of the new law will not impair vested rights. *Evans v. Belth,* 193 Ga. App. 757, 758-759 (388 SE2d 914) (1989). Since State Farm has no vested right to deny the claim, we conclude that it is responsible for paying the claim under OCGA § 43-9-16 (b) as it now exists. The trial court's grant of summary judgment to State Farm on this issue therefore must be reversed.

2. In the cross-appeal, State Farm contends the trial court erred in denying its motion for partial summary judgment on the Haezebroucks' claim that it wrongfully refused to pay their claim for the TENS unit and the traction unit.[2]

The claim for these items was denied on the ground that they were not medically necessary in the opinion of independent medical and chiropractic evaluators to whom State Farm had submitted the claims for review. The evaluators, an orthopedic surgeon and a chiropractor, concluded that the items recommended were not appropriate for Mrs. Haezebrouck's condition. No contrary evidence was presented by the plaintiffs other than the fact that the items were prescribed for her by her treating doctor and chiropractor. Based on this evidence, we agree with the trial court that a jury issue remains as to whether State Farm wrongfully refused payment for these items.

3. State Farm also contends the trial court erred in denying its motion for partial summary judgment on the issue of bad faith.

As a matter of law, bad faith penalties under former OCGA § 33-34-6 are not awardable if an insurer has a reasonable and probable cause for refusing to pay a claim. The advice of an independent medical examiner that the treatment furnished a claimant is not in fact necessary, unless patently wrong based on facts timely brought to the insurer's attention, provides a reasonable basis for an insurer's denial of a claim for payment for such treatment. *Neal v. Superior Ins. Co.,* 208 Ga. App. 827 (432 SE2d 253) (1993).

Both an orthopedic surgeon and a chiropractor concluded that the TENS unit and the traction unit were inappropriate and excessive for Deborah Haezebrouck's medical condition and therefore medically unnecessary. Although a dispute exists regarding the evaluating chiropractor's assumption that Dr. Haezebrouck was treating his wife, see Division 4, infra, the record contains no suggestion that State Farm was informed that the *medical* basis for the evaluators' opinions that the treatment was unnecessary was incorrect. The orthopedic surgeon evaluating the claim offered his opinion that the traction units were unnecessary because soft tissue strain of the neck and back

---

[2] Although the trial court found that these items were within the scope of chiropractic practice, the traction unit was prescribed by Dr. Kelman, a medical doctor, and therefore the issue of whether its recommendation is within the scope of chiropractic practice is not applicable to this item.

in a woman Mrs. Haezebrouck's age is customarily treated with physical therapy to relieve discomfort followed by exercise. In addition to questioning the "unusual number of ancillary supplies provided for the patient" by a chiropractor who rented space in Dr. Haezebrouck's office, the chiropractor evaluating the claim, Dr. Rick Wakefield, based his opinion on his questioning of the medical necessity of an MRI scan performed, the fact that Dr. Kelman (who prescribed the traction unit) did not support his recommendation of a lumbar traction device with a diagnosis for that area, and the fact that her cervical spine abnormality was a pre-existing condition. Because State Farm acted on the advice of independent evaluators whose information was not patently erroneous, we agree with State Farm that the trial court erroneously denied its motion for partial summary judgment on the issue of bad faith. *Neal*, supra.

4. Finally, State Farm asserts error in the trial court's denial of its motion for partial summary judgment on Dr. Haezebrouck's libel claim.

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). The libel alleged by Dr. Haezebrouck is contained in statements made by Dr. Wakefield in his report to Mitzi McDowell, a senior claims representative for State Farm. In that report, in addition to questioning the medical necessity for the numerous devices, Dr. Wakefield recommended that State Farm not reimburse Mrs. Haezebrouck for these items because in his opinion, "charging one's immediate family members is a significant breach of professional ethics . . . [that] shocks the professional conscience."

State Farm first argues that a libel claim is barred here because it is well established under Georgia law that former OCGA § 33-34-6 is the exclusive remedy for failure to pay a claim in bad faith. See *Lincoln Nat. Life Ins. Co. v. Davenport*, 201 Ga. App. 175, 176 (410 SE2d 370) (1991). We agree with the trial court that *Lincoln* is not applicable here because the claim for libel is not dependent upon a refusal to pay and could have survived even had State Farm paid the claim.

We also agree with the trial court that this was not "invited" libel within the meaning of *Auer v. Black*, 163 Ga. App. 787, 789 (294 SE2d 616) (1982), because the statement was not defamatory of the claimant but of Dr. Haezebrouck, who had filed no claim.

State Farm also maintains that because the report expressed Dr. Wakefield's opinion, it cannot be libelous under Georgia law no matter how unreasonable the opinion or vituperous its expression. See *Bergen v. Martindale-Hubbell, Inc.*, 176 Ga. App. 745 (337 SE2d 770) (1985). However, the opinion in that case differs significantly from the one rendered here, in that in *Bergen* the "statement" alleged to be

libelous was a rating given in a publication purporting to rank the relative abilities of lawyers and was "wholly subjective and not capable of proof or disproof." Id. at 747 (3). Here, in contrast, Dr. Haezebrouck alleges Dr. Wakefield libeled him by stating, or at least intimating, that he charged his wife for treatment, a statement concerning factual matter and which is capable of proof or disproof.

Nevertheless, we agree with State Farm that the trial court erred in denying its motion for summary judgment on this issue. "The publication of the libelous matter is essential to recovery." OCGA § 51-5-1 (b). Even assuming, without deciding, that the statement constituted libelous matter, we find no evidence of the necessary publication. Disclosure of the report to State Farm was not publication because any statement made by Dr. Wakefield to State Farm or its agents was made in the performance of Wakefield's private duty to State Farm and was privileged, unless made in bad faith. OCGA § 51-5-7 (2).

We find no evidence of bad faith. Dr. Wakefield based his belief that Dr. Haezebrouck was treating his wife on information in her medical records that Dr. Mirtschink, Deborah Haezebrouck's treating chiropractor, had the same practice address as that of Dr. Haezebrouck and that a health insurance claim form submitted by the office that performed an MRI on Deborah Haezebrouck and included in her file indicated that Dr. Haezebrouck was the referring physician. We note that our review of the record also reveals that Dr. Haezebrouck's name appears as a treating doctor on a claim form submitted to State Farm by Deborah Haezebrouck that appears to have been signed by her. In addition, the "claim activity log" in the record contains handwritten notes bearing the initials of Mitzi McDowell, a State Farm claim representative, indicating that Deborah Haezebrouck telephoned her on July 22, 1991, and *stated* that her husband had been treating her. Although the Haezebroucks have denied that Dr. Haezebrouck treated his wife, Wakefield's belief to the contrary was not entirely without support.

There was no other evidence of publication. Apart from State Farm, Wakefield, and the plaintiffs, Dr. Haezebrouck admitted on his deposition that he had no knowledge that the report was seen by anyone.

Summary judgment in favor of State Farm and Wakefield was therefore proper on the ground there was no publication.

*Judgment reversed in Case No. A94A2213. Judgment affirmed in part and reversed in part in Case No. A94A2214. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 27, 1995 —
RECONSIDERATION DENIED MARCH 23, 1995 —

*Michael J. Kramer*, for appellants.
*Downey & Cleveland, Y. Kevin Williams, W. Curtis Anderson*, for appellees.