## A00A2049. SHAFFER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(540 SE2d 227)

MIKELL, Judge.

Netera Shaffer sued State Farm Mutual Automobile Insurance Company ("State Farm") seeking to recover payment of benefits and bad faith penalties and attorney fees pursuant to OCGA § 33-4-6. The trial court granted State Farm's motion for partial summary judgment on the OCGA § 33-4-6 bad faith claims, and Shaffer appeals. We affirm.

In reviewing grants of summary judgment, "this Court conducts a de novo review of the law and the evidence."[1] To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

So viewed, the evidence shows that Shaffer was involved in an automobile accident on July 6, 1995. She was insured by State Farm under a policy providing for payment of reasonable medical bills incurred as the result of an automobile collision. Shaffer received medical treatment at South Fulton Hospital on the day of the accident, and State Farm paid the resulting medical bill, as well as the cost of transport by ambulance. The next day, Shaffer sought medical attention from Dr. Patricia Glenn, an internist, who referred her to Atlanta Human Performance Center for physical therapy. State Farm paid Dr. Glenn's bill in the amount of $180. The bill for Shaffer's treatment at Atlanta Human Performance Center, which was submitted to State Farm, exceeded $5,000.

State Farm submitted plaintiff's medical bills and records to Turner Services, an independent consulting firm, who retained Douglas Smith, M.D., a licensed physician, to conduct a review. In his original report, Dr. Smith concluded that certain medical bills were excessive, and that the records did not demonstrate the necessity of physical therapy for treatment of the injuries Shaffer suffered as a result of the accident. After additional medical records were provided, Dr. Smith issued a supplemental report, which concluded that

---

[1] *Desai v. Silver Dollar City,* 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).
[2] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

a portion of the physical therapy treatment was excessive, and that the billing statements included duplicate charges. Dr. Smith recommended partial payment in the amount of $1,185.81, which State Farm tendered to Shaffer.

Shaffer filed suit, seeking payment of all medical bills, as well as statutory penalties and attorney fees under OCGA § 33-4-6 for State Farm's refusal to pay certain benefits. On State Farm's motion, the trial court granted partial summary judgment on the OCGA § 33-4-6 claims, finding that "the [d]efendant's refusal to pay was reasonable as a matter of law because a licensed physician advised the [d]efendant that certain treatments were not necessary."

OCGA § 33-4-6 subjects an insurer to penalties and attorney fees if it refuses to pay a covered loss in bad faith. However, it is well-settled law that bad faith penalties are not authorized "if an insurer has a reasonable and probable cause for refusing to pay a claim."[3]

> The advice of an independent medical examiner that the treatment furnished a claimant is not in fact necessary treatment for injuries arising from the accident covered by the insurance policy, unless patently wrong based on facts timely brought to the insurer's attention, provides a reasonable basis for an insurer's denial of a claim for payment for such treatment.[4]

Here, Dr. Smith, an independent physician, advised State Farm that the treatment furnished to Shaffer was not medically necessary for the injuries she sustained as a result of the accident. Shaffer suggests that Dr. Smith might have been biased toward the denial of her claims; however, she failed to present evidence that his opinion was "patently wrong."[5] Thus, State Farm had a reasonable basis upon which to deny Shaffer's claims.

Contrary to plaintiff's argument that this issue should have been presented to a jury, "when there is no evidence of unfounded reason for the nonpayment . . . the court should disallow imposition of bad faith penalties."[6] Therefore, we conclude that the trial court properly granted partial summary judgment to State Farm on plaintiff's claims for statutory penalties and attorney fees.

---

[3] *Haezebrouck v. State Farm &c. Ins. Co.,* 216 Ga. App. 809, 811 (3) (455 SE2d 842) (1995). See also *Lancaster v. USAA Cas. Ins. Co.*, 232 Ga. App. 805, 807 (3) (502 SE2d 752) (1998); *Rice v. State Farm Fire &c. Co.*, 208 Ga. App. 166, 169 (1) (430 SE2d 75) (1993).

[4] (Citations and punctuation omitted.) *Jones v. State Farm &c. Ins. Co.*, 228 Ga. App. 347, 350-351 (3) (491 SE2d 830) (1997).

[5] See *Haezebrouck*, supra, 216 Ga. App. at 811.

[6] (Citations and punctuation omitted.) *Neal v. Superior Ins. Co.*, 208 Ga. App. 827 (432 SE2d 253) (1993).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED OCTOBER 3, 2000.

*Joe A. Weeks,* for appellant.
*Downey & Cleveland, William C. Anderson,* for appellee.