A03A0106. SMITH v. NATIONWIDE MUTUAL INSURANCE COMPANY.
(574 SE2d 627)

ELLINGTON, Judge.

The estate of William L. Smith appeals from the trial court's grant of summary judgment to Nationwide Mutual Insurance Company in this declaratory judgment action. Because the policy is clear and unambiguous that Smith is not entitled to benefits under the undisputed facts of this case, we affirm.

> In reviewing grants of summary judgment, this Court conducts a de novo review of the law and the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the

---

light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Punctuation and footnotes omitted.) *Shaffer v. State Farm &c. Ins. Co.*, 246 Ga. App. 244 (540 SE2d 227) (2000).

The record shows the following undisputed facts: On October 31, 1998, Smith was a passenger in his own car when the permissive, nonrelative driver lost control and had a single-car accident. Smith filed a claim for his injuries under both the general liability and uninsured motorist provisions of his Nationwide automobile insurance policy. Nationwide offered to settle with Smith for $15,000, asserting that the policy expressly limited benefits for the insured's bodily injury to the statutorily required minimum coverage of $15,000 per person.[1] Nationwide also denied coverage under the uninsured motorist provision of the policy, stating that the provision did not cover injuries caused by the operation of the insured's vehicle. Smith filed a petition for declaratory judgment, asking for a judicial interpretation of the insurance policy. Nationwide counterclaimed for a declaration that it was not liable under the uninsured motorist provision, and was only liable under the general liability provision for the statutory minimum coverage. The trial court granted Nationwide's motion for summary judgment, finding that under the policy's plain language, (1) Nationwide was not obligated to provide liability coverage in excess of $15,000 per person or $30,000 per incident, and (2) the insurance policy did not provide uninsured motorist coverage under the circumstances presented herein.

1. On appeal, Smith contends that he is entitled to coverage under the uninsured motorist provision of the policy.[2] This contention is without merit.

The "Uninsured Motorists" section of the policy at issue states that "[d]amages must result from an accident arising out of the . . . use . . . of the uninsured motor vehicle." The policy defines an "uninsured motor vehicle" as "one for which there is no auto liability bond, insurance, or other security in effect" at the time of the accident. It also clearly states that, under this section, *[w]e will not consider as an uninsured motor vehicle: . . . any motor vehicle insured under the liability coverage of this policy; nor . . . any motor vehicle owned by*

---

[1] The policy reads as follows: "This coverage does not apply, with regard to any amounts above the minimum liability limits required by the Georgia Motor Vehicle Accident Reparations Act, to . . . [b]odily injury to any insured or any member of an insured's family residing in the insured's household."

[2] Smith concedes on appeal that, as an insured, he cannot recover more than $15,000 under the general liability portion of his policy.

*or furnished for the regular use of you [the insured] or a relative.*"[3] (Emphasis supplied.)

Since it is uncontested that Smith owned the vehicle involved in the accident and that the vehicle was insured at the time of the accident, the vehicle was not an "uninsured motor vehicle" under the policy. Accordingly, under the plain language of the policy, Smith was not entitled to uninsured motorist protection and the trial court did not err in so finding. See *Collier v. State Farm &c. Ins. Co.*, 249 Ga. App. 865, 867-868 (3) (549 SE2d 810) (2001) (in the absence of an ambiguity, the court is constrained to apply the insurance contract as made by the parties). It properly granted summary judgment to Nationwide.

2. Smith's contention that he is entitled to uninsured motorist protection for amounts exceeding the $15,000 benefits cap is without merit and, further, is moot given our decision in Division 1, supra.

3. We reject Smith's argument that the policy limitations at issue violate public policy. See *Cotton States Mut. Ins. Co. v. Coleman*, 242 Ga. App. 531, 532-533 (530 SE2d 229) (2000) (refusing to recognize a similar public policy argument that would effectively "rewrite [the insured's] policy to provide coverage which was neither selected nor paid for by him"); see also *Collier v. State Farm &c. Ins. Co.*, 249 Ga. App. at 868 (3) (accord).

*Judgment affirmed. Blackburn, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 22, 2002.

*Savage, Turner & Pinson, Robert S. Kraeuter*, for appellant.

*Kent, Sigman & Bogle, A. Martin Kent, Suzanne R. Bogle, Thomas L. Swift*, for appellee.

## A03A0217. BYRD v. THE STATE.
### (574 SE2d 655)

---

[3] See also OCGA § 33-7-11 (b) (1) (D) (defining "uninsured motor vehicle" as a vehicle which is not owned by or furnished for the regular use of a named insured *and* which has no insurance coverage).